Petition for Writ of Mandamus Denied and Memorandum Opinion filed June
11, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed June 11, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00489-CR

____________

 

IN RE GREGORY BRAZIEL, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On May
28, 2009, relator, Gregory Braziel, filed a petition for writ of mandamus in
this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition, relator requests that we compel the
Honorable Denise Collins, presiding judge of the 208th District Court of Harris
County, to appoint counsel for him and to rule on his motion for DNA testing
with regard to his underlying conviction for aggravated robbery.  See
Braziel v. State, No. 14-05-00703-CR, 2006 WL 2506374 (Tex. App.CHouston [14th Dist.] Aug. 31, 2006,
pet. ref=d) (mem. op.) (not designated for
publication) (affirming relator=s conviction for aggravated robbery). 








As an
initial matter, relator=s petition does not comply with the Texas Rules of Appellate
Procedure.  See Tex. R. App. P. 52.3(j) (requiring person filing
petition to certify that he has reviewed petition and that every factual
statement is supported by competent evidence in record); Id. 52.7(a)(1)
(requiring that relator must filed certified or sworn copy of every document
that is material to his claim for relief).  Notwithstanding these deficiencies,
relator can not prevail on his request for mandamus relief.

Relator
requests that we compel the trial court (1) to appoint counsel for him and (2)
to rule on his motion for DNA testing.  To be entitled to mandamus relief, a
relator must show that he has no adequate remedy at law to redress his alleged
harm, and what he seeks to compel is a ministerial act, not involving a
discretionary or judicial decision.  State ex rel. Young v. Sixth Judicial
Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App.
2007) (orig. proceeding).  Consideration of a motion that is properly filed and
before the court is a ministerial act.  State ex rel. Curry v. Gray, 726
S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (opinion on reh=g).  However, the trial court
generally has no ministerial duty to rule a certain way on such motion.  State
ex rel. Young, 236 S.W.3d at 210.  

Article
64.01 of the Texas Code of Criminal Procedure provides that a convicted person
may submit to the convicting court a motion for forensic DNA testing of
evidence containing biological material.  Tex. Code Crim. Proc. Ann. art.
64.01(a) (Vernon Supp. 2008).  The motion must be accompanied by an affidavit,
sworn to by the convicted person, containing statements of fact in support of
the motion.  Id.  The convicting court shall appoint counsel if the
person informs the court that (1) he wishes to submit a motion under this
chapter, (2) the court finds reasonable grounds for a motion to be filed, and
(3) the court determines that the person is indigent.  Id. art.
64.01(c).  








Under
the 2001 version of article 64.01(c), the Texas Court of Criminal Appeals held
that the appointment of counsel was mandatory if the trial court determined
that the convicted person was indigent.  Neveu v. Culver, 105 S.W.3d
641, 642 (Tex. Crim. App. 2003) (orig. proceeding).[1] 
However, the Legislature amended article 64.01(c) in 2003.  In re Ludwig,
162 S.W.3d 454, 454 (Tex. App.CWaco 2005, orig. proceeding).  The convicting court is now
required to appoint counsel only if it determines that the convicted person is
indigent and finds reasonable grounds for a motion to be filed.  Id.
at 454B55.  Even if the convicting court
determines that a convicted person is indigent, the court is not required to
appoint counsel if it finds there are no reasonable grounds for the motion to
be filed.  Id. at 455.  Such a finding is reviewed for an abuse of
discretion.  Id.  Therefore, the appointment of counsel is no longer a
ministerial act.  Id.  Consequently, we cannot compel the trial court to
appoint counsel for relator with respect to his motion for DNA testing.  

Relator
also requests that we compel the trial court to rule on his motion for DNA
testing.  As stated above, the trial court has a ministerial duty to rule on a
motion that is presented for a ruling.  State ex rel. Curry, 726 S.W.2d
at 128.  A relator must establish that the trial court (1) had a legal duty to
rule on the motion (2) was asked to rule on the motion; and (3) failed to do
so.  In re Keeter, 134 S.W.3d 250, 252 (Tex. App.CWaco 2003, orig. proceeding).  

Relator
has not demonstrated that he filed his motion with the trial court or that the
court received, was aware of, or was asked to rule on the motion.  Relator has
failed to present any correspondence or other documents from relator calling
the court=s attention to his motion.  See In re Villarreal, 96 S.W.3d 708,
710 (Tex. App.CAmarillo 2003, orig. proceeding).  Filing a document with the district
clerk does not mean the trial court is aware of it; nor is the clerk=s knowledge imputed to the trial
court.  In re Hearn, 137 S.W.3d 681, 685 (Tex. App.CSan Antonio 2004, orig. proceeding); In
re Villarreal, 96 S.W.3d at710 n.2.  








Moreover,
the trial court has a reasonable time in which to act.  Ex parte Bates,
65 S.W.3d 133, 134B35 (Tex. App.CAmarillo 2001, orig. proceeding).  Whether a reasonable time
has lapsed depends on the circumstances of each case.  Id.  Relator
states he filed his motion for DNA testing on April 20, 2009.  Just over a
month had lapsed between the time relator filed his motion in the trial court
and the time he filed his petition in this court.  We cannot say that a
reasonable period of time has lapsed, particularly given that relator has not
shown that the trial court was aware of, or asked to rule on, his motion. 
Therefore, under these facts, relator has not shown that trial court had a
ministerial duty to rule on his motion for DNA testing. 

Relator
has not established his entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relator=s petition for writ of mandamus.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Frost.

Do Not PublishCTex. R. App. P. 47.2(b).









            [1]  See Act
of Apr. 3, 2001, 77th Leg., R.S., ch. 2, ' 2,
2001 Tex. Gen. Laws 2, 2B3 (amended 2003 & 2007) (current version at Tex.
Code Crim. Proc. Ann. art. 64.01 (Vernon Supp. 2008)).