Petition for Writ of Mandamus Denied and
Memorandum Opinion filed January 7, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00796-CR



 

In Re Romarcus Deon Marshall,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On September 18, 2009, relator, Romarcus Deon
Marshall, filed a petition for writ of mandamus in this Court.  See Tex.
Gov’t Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In
the petition, relator asks this Court to compel the Honorable Randy Roll,
presiding judge of the 179th District Court of Harris County, to conduct a
hearing to determine the status of his court-appointed attorney’s
representation of him on his motion for DNA testing.  We deny the petition.  

 

Prior
Mandamus Proceeding

            On
August 8, 2008, relator originally filed a petition for writ of mandamus asking
that this Court compel the Honorable Michael Wilkerson, who was the presiding
judge of the 179th District Court at that time, to appoint him counsel and rule
on his motion for DNA testing.  Relator argued under the 2001 version of
Article 64.01 of the Texas Code of Criminal Procedure that he was entitled to
the appointment of counsel because he had shown that he was indigent.  We
denied relator’s petition because we could not determine from the mandamus
record when relator had filed his motions in the trial court.  Relator filed a
motion for rehearing, showing that he had sent his motions to the trial court
on November 29, 2007, and that he had written Judge Wilkerson, on June 30, 2008,
asking him to rule on his motions, thereby bringing his motions to Judge
Wilkerson’s attention.  

            In
its response to relator’s petition and motion for rehearing, the State argued
that appointment of counsel was not a ministerial duty.  As originally written
in 2001, article 64.01(c) provided that a defendant was entitled to the
appointment of counsel for the purpose of filing a motion for DNA testing
merely upon requesting counsel and establishing indigence.  Act of April 3,
2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003)
(current version at Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon 2006)); Winters
v. Presiding Judge of Criminal Dist. Court No. Three of Tarrant County, 118
S.W.3d 773, 775 (Tex. Crim. App. 2003) (orig. proceeding).  Therefore, the
appointment of counsel was a ministerial duty.  Neveu v. Culver, 105
S.W.3d 641, 642 (Tex. Crim. App. 2003) (orig. proceeding).  However, under the
2003 amendment to Article 64.01, the convicting court is required to appoint
counsel only if it determines that the convicted person is indigent and finds
reasonable grounds for a motion to be filed.  Tex. Code Crim. Proc. Ann. art.
64.01(c).  Therefore, the appointment of counsel is no longer a purely
ministerial act.  In re Ludwig, 162 S.W.3d 454, 455 (Tex. App.—Waco
2005, orig. proceeding).  

            Despite
the amended statute, the State informed this Court that the trial court would
appoint counsel for relator on his motion for DNA testing: 

[N]otwithstanding the failures of the Relator in this
regard, it appears that the trial court, the Respondent in this case, will
appoint the Relator an attorney, so that a request for post-conviction DNA
testing can be properly pursued.  With that understanding, the Relator’s motion
for rehearing can be granted or can be denied with the understanding that the
appropriate action is being taken. 

            Subsequently,
the trial court informed this Court that Jerome Godinich had been appointed
counsel for relator on his motion for DNA testing.  

Current
Mandamus Proceeding

            In
his current petition, relator requests that we compel the trial court to
conduct a hearing to determine if his “counsel, Jerome Godinich, still
exist[s], and is he aware that he was appointed to Relator’s cause regarding
DNA testing.”  Relator includes a letter he wrote Godinich on August 14, 2009,
stating that he had not heard from Godinich, even though he had written him
nine months earlier and relator’s mother had attempted to call him:  

            About nine months or so, I wrote you a letter
with attached information to assist you in my Motion to obtain an Order for DNA
Testing. . . .

            Since than [sic], I have tried to contact you
for the status of your work; my mother has made several attempts to contact
you, and she stated that you will not return her calls. . . .

            Mr. Godinich, if you’re not interested in doing
business with the court regarding obtaining an order for DNA testing please let
me know so that I can file a motion under 64.01 to be appointed an attorney
that’s willing to work with me.  Thank you.

            To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Consideration of a
motion that is properly filed and before the court is a ministerial act.  State
ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig.
proceeding) (op. on reh’g).  A relator must establish that the trial court (1)
had a legal duty to rule on the motion; (2) was asked to rule on the motion;
and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  A relator must show that the trial court
received, or was asked to rule on the motion.  In re Villarreal, 96
S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).  Moreover, a trial
court has a reasonable time in which to act on a pending motion.  Ex parte
Bates, 65 S.W.3d 133, 134–35 (Tex. App.—Amarillo 2001, orig. proceeding).  

Here, the mandamus record does not include a
file-stamped copy of any motion relator filed in the trial court requesting
that it hold a hearing on the status of Godinich’s representation of him on his
motion for DNA testing.  Moreover, relator has not alleged in his petition that
he has even filed a motion requesting that the trial court hold a hearing on
the status of such representation prior to seeking mandamus relief in this
Court.  Mandamus relief is not available to compel an action which has not
first been demanded of, and refused by, the trial court.  Terrazas v.
Ramirez, 829 S.W.2d 712, 723 (Tex. 1991) (orig. proceeding); Axelson,
Inc. McIlhany, 798 S.W.2d 550, 556 (Tex. 1990) (orig. proceeding).  Therefore,
relator must first present his complaints to the trial court and request that
it hold a hearing on the status of Godinich’s representation of him on the
motion for DNA testing in the trial court.[1]  

Moreover, relator’s petition does not comply with the
Texas Rules of Appellate Procedure.  The petition does not include
certification that every factual statement in the petition is supported by
competent evidence in the appendix or record.  Tex. R. App. P. 52.3(j).  Also,
the documents attached to relator’s petition are not sworn or certified.  Tex.
R. App. P. 52.3(k)(A); 52.7(a)(1).  Finally, relator has not filed an affidavit
of indigence with his petition in this Court, but has merely included the
affidavit in support of his motion for DNA testing.  Tex. R. App. P. 20.1.  

We briefly address the response to relator’s petition
filed by the State at this Court’s request.  The State argues that relator’s
petition should be denied because he is represented by counsel in the
post-conviction DNA proceeding in the trial court.  It is well-settled that a
defendant is not entitled to hybrid representation.  Robinson v. State,
240 S.W.3d 919, 922 (Tex. Crim. App. 2007); Patrick v. State, 906 S.W.2d
481, 498 (Tex. Crim. App. 1995).  However the rule against hybrid
representation is not applicable to situations where the relator has a
complaint about counsel’s representation or lack thereof.[2]  Therefore,
we reject the argument that the rule against hybrid representation prevents
relator from pursuing his complaint that he has had no contact with his
court-appointed counsel since that appointment in December 2008.  

Relator has not established his entitlement to the
extraordinary relief of a writ of mandamus.  Accordingly, we deny relator’s
petition for writ of mandamus. 

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Yates, Frost, and Brown.

Do Not Publish—Tex. R. App. P. 47.2(b).

 









[1] In
addition to relator’s August 14, 2009 letter to Godinich, the mandamus record
includes a copy of relator’s request for the appointment of counsel, with an
affidavit in support of motion for DNA testing, which are not file-stamped and,
according to the certificate of service, were purportedly mailed to the trial court
on August 14, 2009.  The motion does not mention Godinich, any complaints of
Godinich, or that relator has already been appointed counsel on his motion for
DNA testing.  However, relator does not complain about the trial court’s
failure to rule on this motion.





[2] Cf.
In re Bigler, No. 09-06-027-CV, 2006 WL 246485, at *1 (Tex. App.—Beaumont
Feb. 2, 2006, orig. proceeding) (mem. op.) (denying mandamus relief on trial
court’s failure to rule on pro se motion to dismiss counsel because record did
not show that relator had unequivocally asserted right to forego counsel and
represent himself, while denying relief on pro se motion to set hearing on
motion to quash because he did not have right to hybrid representation); In
re Perkins, No. 04-06-00870-CV, 2006 WL 3779765, at *1 (Tex. App.—San
Antonio Dec. 27, 2006 orig. proceeding) (mem. op.) (denying mandamus relief on
trial court’s failure to rule on pro se motion to dismiss attorney because
relator had not shown that properly filed motion had been pending for unreasonable
time, while denying relief on failure to rule on four other pro se motions
because relator was not entitled to hybrid representation).