**In re Ronald David LUDWIG.**

**No. 10–05–00219–CR.**

Court of Appeals of Texas,
Waco.

May 25, 2005.

Ronald David Ludwig, Kenedy, pro se.

Gene Knize, Ellis County Dist. Atty., Waxahachie, for appellee/respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**OPINION**

BILL VANCE, Justice.

Relator Ronald David Ludwig, an indigent inmate, seeks a writ of mandamus ordering respondent to appoint an attorney to represent him in his motion for DNA testing under Article 64.01(c) of the Texas Code of Criminal Procedure. We will deny the petition.

■ Mandamus relief may be granted if the relator can demonstrate that (1) the act sought to be compelled is purely ministerial and (2) the relator has no other adequate legal remedy. *Neveu v. Culver,* 105 S.W.3d 641, 642 (Tex.Crim.App.2003). In *Neveu,* the Court of Criminal Appeals held that appointment of counsel under the 2001 version of article 64.01(c) was mandatory. *Id.* The 2001 version of 64.01(c) required the convicting court to appoint counsel if the court determined that the convicted person is indigent. See Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 2–3 (amended 2003) (current version at Tex.Code Crim. Proc. Ann. art. 64.01 (Vernon Supp.2004–05)). Thus the Court of Criminal Appeals concluded that appointment of counsel under 64.01(c) was a purely ministerial act. *Neveu,* 105 S.W.3d at 642.

However, article 64.01(c) was amended in 2003.[1] As amended, the convicting court is required to appoint counsel only if it determines that the convicted person is indigent and finds reasonable grounds for

---

1. See Act of Apr. 25, 2003, 78th Leg., R.S., ch. 13, §§ 8, 9, 2003 Tex. Gen. Laws 16, 17 (establishing effective date for amendments to art. 64.01 as Sept. 1, 2003).

a motion to be filed. TEX.CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp.2004–05). Thus, even if the convicting court determines that a convicted person is indigent, the court would not be required to appoint counsel if it found there were no reasonable grounds for the motion to be filed—a finding we would review for an abuse of discretion. *Cf. Wallace v. State,* 106 S.W.3d 103, 108 (Tex.Crim.App.2003) (appellate court reviews for abuse of discretion a trial court's finding concerning reasonable grounds in determining whether to grant a hearing on motion for new trial). Under the amended statute, appointment of counsel is no longer a purely ministerial act. Ludwig thus has not satisfied the first requirement for mandamus relief.

Accordingly, Ludwig's petition for writ of mandamus is denied.