In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00096-CV


______________________________





IN RE: ANTONIO SCOTT









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Antonio Scott files in this Court a petition for writ of mandamus requesting that this Court
compel the Honorable John F. Miller, Judge of the 102nd Judicial District Court of Bowie County,
to appoint counsel to assist Scott in the pursuit of post-conviction DNA testing. See Tex. Code
Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2008). We begin by noting that although we see that
Scott has filed a motion for appointment of counsel, it is unclear from Scott's petition whether Judge
Miller has actually ruled on Scott's motion. A failure to provide this Court with documents that
show Scott is entitled to the relief requested could serve as a basis for denying Scott's petition. See
Tex. R. App. P. 52.3(j)(1)(A) (requiring appendix to petition for writ of mandamus "contain a
certified or sworn copy of any order complained of, or any document showing the matter complained
of"). In the interest of fairness, however, we will go on to address the substance of Scott's petition.

 It is unclear what action, if any, Judge Miller has taken on Scott's motion for appointment
of counsel, and Scott requests that this Court compel Judge Miller to grant Scott's motion. From
these facts, we arrive at two possible scenarios, neither of which would meet the requirements
necessary to entitle Scott to mandamus relief.

 If Judge Miller Has Not Ruled on the Motion. First, unless Judge Miller has refused to make
a ruling at all on the motion, mandamus relief is not available to Scott. Mandamus will issue only
when the record establishes that (1) the act sought to be compelled is purely ministerial and (2) there
is no adequate remedy at law. See State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim.
App. 2003) (orig. proceeding). For the act to be clearly ministerial, the relator must have "a clear
right to the relief sought" meaning that the relief sought must be "clear and undisputable" such that
its merits are "beyond dispute" with "nothing left to the exercise of discretion or judgment." Id.

 A convicted person is entitled to appointed counsel during a Chapter 64 proceeding only if
(1) the person informs the court that the person wishes to submit a Chapter 64 motion; (2) the trial
court finds reasonable grounds for the motion to be filed; and (3) the trial court determines that the
person is indigent. (1) Id.; In re Ludwig, 162 S.W.3d 454 (Tex. App.--Waco 2005, orig. proceeding). 
Appointment of counsel is no longer a purely ministerial act. Ludwig, 162 S.W.3d at 455.

 Nothing contained in Scott's petition establishes that Judge Miller has found that reasonable
grounds exist for Scott's motion to be filed and that Scott is indigent. That said, under Article
64.01(c), Judge Miller must make certain findings, and we cannot compel him to make these
findings in a certain manner. Because Scott is not entitled to appointed counsel unless Judge Miller
makes these findings, Scott has not shown that he has a "clear right to relief." See Poe, 98 S.W.3d
at 198. Accordingly, Scott has failed to show that the act he seeks to compel is purely ministerial.

 If Judge Miller Has Already Denied the Motion. Likewise, if Judge Miller has already denied
Scott's motion for appointment of counsel, we must deny Scott's petition. Again, mandamus will
issue only when the record establishes that (1) the act sought to be compelled is purely ministerial
and (2) there is no adequate remedy at law. See Poe, 98 S.W.3d at 198.

 If Judge Miller has denied Scott's motion, Scott's remedy would be by way of direct appeal
of the order denying the motion, now authorized by Article 64.05. See Tex. Code Crim. Proc. Ann.
art. 64.05 (Vernon 2006); James v. State, 196 S.W.3d 847 (Tex. App.--Texarkana 2006, no pet.). (2) 
Prior to the 2003 amendments to Article 64.05, appeal was only authorized as to certain, somewhat
limited rulings, making mandamus relief available to review the trial court's denial of appointed
counsel. Now, however, direct appeal is an available avenue to seek review of the denial of a motion
for appointment of counsel, and the availability of an adequate remedy at law will serve as a basis
for denial of Scott's petition for writ of mandamus.

 Conclusion. Because appointment of counsel is no longer a ministerial duty without a
showing that the trial court found both indigence and a reasonable basis for DNA testing and because
a denial of a motion to appoint counsel under Chapter 64 is now appealable, Scott is not entitled to
mandamus relief. We deny his petition. 




 Bailey C. Moseley

 Justice


Date Submitted: September 23, 2008

Date Decided: September 24, 2008


1. The appointment of counsel was mandatory prior to the 2003 amendments to the article if
1) the convicted person informed the trial court that he or she wished to submit a Chapter 64 motion
and 2) the trial court determined that the person is indigent. See Act of Apr. 3, 2001, 77th Leg., R.S.,
ch. 2, § 2, art. 64.05, 2001 Tex. Gen. Laws 2, 4 (since amended) (current version at Tex. Code
Crim. Proc. Ann. art. 64.01(c)). That being so, and because there was no right to appeal the denial
of appointed counsel, mandamus was deemed the proper vehicle by which to obtain relief if a request
for appointed counsel was denied. Winters v. Presiding Judge of Criminal Dist. Court Number
Three of Tarrant County, 118 S.W.3d 773, 775-76 (Tex. Crim. App. 2003); Neveu v. Culver, 105
S.W.3d 641, 643 (Tex. Crim. App. 2003). With the 2003 amendments, however, Scott's reliance on
Winters and Neveu is chronologically misplaced.
2. But see Conlin v. State, 221 S.W.3d 907, 908 (Tex. App.--Beaumont 2007, no pet.)
(holding order denying request for appointed counsel not appealable under amended Article 64.05).