

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00381-CR

## IN RE CHEYENNE PATE

_____

## Original Proceeding

---

## MEMORANDUM  OPINION

---

Cheyenne Pate seeks a writ of mandamus compelling Respondent, the Honorable Patrick H. Simmons of the 77th District Court of Limestone County, to appoint counsel and reconsider his motion for DNA testing.[1]

Mandamus relief may be granted if the relator can demonstrate that (1) the act sought to be compelled is purely ministerial and (2) the relator has no other adequate legal remedy.  *In re Ludwig*, 162 S.W.3d 454, 454 (Tex. App.—Waco 2005, orig. proceeding) (citing *Neveu v. Culver*, 105 S.W.3d 641, 642 (Tex. Crim. App. 2003)).

---

[1]    Pate's application is defective because: (1) his certification does not comply with Rule of Appellate Procedure 52.3(j); (2) his proof of service does not comply with Rule of Appellate Procedure 9.5; and (3) he failed to include the required record pursuant to Rules of Appellate Procedure 52.3 and 52.7.  *See* TEX. R. APP. P. 9.5; *see also* TEX. R. APP. P. 52.3(k)(1); TEX. R. APP. P. 52.7.  Nevertheless, we will apply Rule of Appellate Procedure 2 and disregard these deficiencies.  *See* TEX. R. APP. P. 2.

A "convicting court is required to appoint counsel only if it determines that the convicted person is indigent and finds reasonable grounds for a motion to be filed." *Ludwig*, 162 S.W.3d at 454-55 (citing TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp. 2009)). "[E]ven if the convicting court determines that a convicted person is indigent, the court would not be required to appoint counsel if it found there were no reasonable grounds for the motion to be filed--a finding we would review for an abuse of discretion." *Id*. at 455. Appointment of counsel is not a purely ministerial act. *See id*. Thus, Pate cannot satisfy the first requirement for mandamus relief. *Id.*; *see In re Scott*, No. 06-08-00096-CV, 2008 Tex. App. LEXIS 7075, at *2-5 (Tex. App.—Texarkana Sept. 24, 2008, orig. proceeding) (mem. op.). We, therefore, deny Pate's petition for writ of mandamus.

FELIPE REYNA
Justice

Before Chief Justice Gray
  Justice Reyna, and
  Justice Davis
Writ denied
Opinion delivered and filed December 30, 2009
[OT06]