IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00381-CR

 

In
re Cheyenne Pate

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Cheyenne
Pate seeks a writ of mandamus compelling Respondent, the Honorable Patrick H.
Simmons of the 77th District Court of Limestone County, to appoint counsel and
reconsider his motion for DNA testing.[1]

Mandamus relief may be
granted if the relator can demonstrate that (1) the act sought to be compelled
is purely ministerial and (2) the relator has no other adequate legal remedy.  In re Ludwig, 162 S.W.3d 454,
454 (Tex. App.—Waco 2005, orig. proceeding) (citing Neveu v. Culver, 105 S.W.3d 641, 642 (Tex. Crim. App.
2003)).

A “convicting court is
required to appoint counsel only if it determines that the convicted person is
indigent and finds reasonable grounds for a motion to be filed.”  Ludwig, 162 S.W.3d at 454-55
(citing Tex. Code
Crim. Proc. Ann. art.
64.01(c) (Vernon Supp. 2009)).  “[E]ven if the convicting court
determines that a convicted person is indigent, the court would not be required
to appoint counsel if it found there were no reasonable grounds for the motion
to be filed--a finding we would review for an abuse of discretion.”  Id.
at 455.  Appointment of counsel is not a purely ministerial act.  See id. 
Thus, Pate cannot satisfy the first requirement for mandamus relief.  Id.;
see In
re Scott, No. 06-08-00096-CV, 2008 Tex. App. LEXIS 7075,
at *2-5 (Tex. App.—Texarkana Sept. 24, 2008, orig. proceeding) (mem. op.).  We, therefore, deny
Pate’s petition for writ of mandamus.

 

 








FELIPE REYNA

Justice

Before
Chief Justice Gray

Justice Reyna, and

Justice Davis 

Writ
denied 

Opinion
delivered and filed December 30, 2009

[OT06]









[1]
          Pate’s application is defective
because: (1) his certification does not comply with Rule of Appellate Procedure
52.3(j); (2) his proof of service does not comply with Rule of Appellate
Procedure 9.5; and (3) he failed to include the required record pursuant to Rules
of Appellate Procedure 52.3 and 52.7.  See Tex. R. App. P. 9.5; see also Tex. R. App. P. 52.3(k)(1); Tex.
R. App. P. 52.7.  Nevertheless, we will apply Rule of Appellate
Procedure 2 and disregard these deficiencies.  See Tex. R. App. P. 2.