# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00177-CV

**In re Leslie Ray Turner**

## ORIGINAL PROCEEDING FROM SAN SABA COUNTY

## M E M O R A N D U M   O P I N I O N

Leslie Ray Turner seeks a writ of mandamus directing the judge of the 33rd District Court to grant his motion for appointed counsel to assist him in a chapter 64 forensic DNA testing proceeding. We deny the petition.

Before September 1, 2003, the appointment of counsel for an indigent person was mandatory under article 64.01(c). Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.01, 2001 Tex. Gen. Laws 2, 3. Mandamus was deemed the proper vehicle by which to obtain relief if a request for appointed counsel was denied. *Winters v. Presiding Judge*, 118 S.W.3d 773, 775-76 (Tex. Crim. App. 2003); *Neveu v. Culver*, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003).

Chapter 64 was amended effective September 1, 2003. Under article 64.01(c) as amended, an indigent person seeking DNA testing is entitled to appointed counsel only if the trial court finds reasonable grounds for a testing motion to be filed. Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2010). On April 1, 2011, the trial court signed an order finding that

there are no reasonable grounds for a testing motion in Turner's case and denying the request for appointed counsel.

Because the appointment of counsel under article 64.01(c) is no longer a ministerial act, mandamus will not lie. *In re Ludwig*, 162 S.W.3d 454 Tex. App.—Waco 2005) (orig. proceeding). We also note that an order denying counsel is not immediately appealable. *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010). Instead, Turner may raise the counsel issue if and when his pro se request for DNA testing is denied. *Id*.

The petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Filed: April 8, 2011

2