NUMBERS 13-11-00085-CR & 13-11-00086-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE GEORGE OLIVAREZ

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez and
Perkes

Memorandum Opinion Per Curiam[1]

Relator, George
Olivarez, proceeding pro se, filed a petition for writ of mandamus in the above
causes through which he complained that the trial court “abused her discretion
in failing to rule on [relator’s] motion for DNA testing, appointment of
counsel, or any other related motion accompanying them” in trial court cause
numbers CR-00-145-ES1 and CR-00-156-ES1.  We dismiss the petition for writ of
mandamus as further stated herein.

 

I.  Background

In 2000, relator
pleaded guilty to indecency with a child in trial court cause numbers
CR-00-145-ES1 and CR-00-146-ES1 and was sentenced to concurrent twenty-five
year sentences.  Relator’s appeal was dismissed.  See Olivarez v. State,
No. 13-00-00310-CR, 2001 Tex. App. LEXIS 3676, at *3 (Tex. App.–Corpus Christi
May 31, 2001, no pet.) (per curiam) (not designated for publication).  

Relator filed
motions for DNA testing on February 6, 2007, November 14, 2007, and November
30, 2010.  By petition for writ of mandamus filed in 2007, relator complained
that the trial court had not ruled on his motion for DNA testing.  See In re
Olivarez, 2007 Tex. App. LEXIS 6141 (Tex. App.–Corpus Christi Aug. 1, 2007,
orig. proceeding) (per curiam) (not designated for publication).  This Court
held in that proceeding that relator had not met his burden to show that the
trial court was asked to rule on his motion and failed or refused to do so.  See
id. at *3.  

On February 16,
2011, relator filed the instant petition for a writ of mandamus complaining that
the Honorable Marisela Saldana, former judge of the 148th District Court of
Nueces County, had failed to rule on relator’s motions for DNA testing.  

In January 2011,
former Judge Saldana was succeeded in office by the Honorable Guy Williams. 
Accordingly, on February 17, 2011, this Court abated and remanded this original
proceeding in order for former Judge Saldana’s successor, the Honorable Guy
Williams, to reconsider the matters at issue herein.  See Tex. R. App. P. 7.2(b) ("If the
case is an original proceeding under Rule 52, the court must abate the
proceeding to allow the successor to reconsider the original party's
decision.").  That same date, the Court requested the trial court to file
a supplemental record including Judge Williams’s rulings on reconsideration.  

The Court has now
received Judge William’s ruling on reconsideration in these matters.  The Court
has also received a response from the State of Texas, acting by and through the
District Attorney of Nueces County, Texas.  Accordingly, we REINSTATE this original
proceeding.

II.  Standard of Review

To be entitled to
mandamus relief, relator must establish both that he has no adequate remedy at
law to redress his alleged harm, and that what he seeks to compel is a
ministerial act not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007).  If relator fails to meet both of these
requirements, then the petition for writ of mandamus should be denied.   See
id.   It is relator’s burden to properly request and show entitlement to
mandamus relief.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.–Houston
[1st Dist.] 1992, orig. proceeding) (“Even a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.”). 

III.  Analysis

Under article
64.01(c) of the Texas Code of Criminal Procedure, an indigent person seeking
DNA testing is entitled to appointed counsel only if the trial court finds
reasonable grounds for a testing motion to be filed.  See Tex. Code Crim. Proc. Ann. art.
64.01(c) (West Supp. 2010).  Because the appointment of counsel under article 64.01(c)
is not a ministerial act, mandamus will not lie.  In re Ludwig, 162
S.W.3d 454 (Tex. App.–Waco 2005, orig. proceeding).  Furthermore, the denial of
a motion for appointment of counsel on a motion for post-conviction DNA testing
is not immediately appealable, but the issue may be raised on appeal from an
order denying a motion for DNA testing.  See Gutierrez v. State, 307
S.W.3d 318, 322-23 (Tex. Crim. App. 2010). 

On June 6, 2011 in
the instant case, the trial court signed an “Order and Memorandum on
Defendant’s Motion for DNA Testing” denying relator’s request for DNA testing. 
The trial court found that there are no reasonable grounds for granting relator’s
motion for DNA testing and concluded that it is not required to appoint an
attorney to represent the relator for the purposes of this proceeding.  

IV.  Conclusion

The Court, having
examined and fully considered the petition for writ of mandamus, the response
thereto, and the trial court’s ruling at issue herein, is of the opinion that
this original proceeding has been rendered moot.  Accordingly, because relator has
received the relief he sought, the petition for writ of mandamus in these
causes is DISMISSED as moot.  See
In re Luna, 317 S.W.3d 484, 484 (Tex. App.--Amarillo 2010, orig.
proceeding); In re Medrano, No. 13-10-00122-CR, 2010 Tex. App. LEXIS
1988, at *1-2 (Tex. App.–Corpus Christi Mar. 16, 2010, orig. proceeding) (per
curiam) (not designated for publication).  All further and other relief sought
herein is likewise DISMISSED.  

 

                                               
                                            

                                                                                                PER
CURIAM

 

Do not publish.  

Tex. R. App. P.
47.2(b).

Delivered and filed the

8th day of June, 2011.

                                                            









[1] See Tex. R. App. P. 52.8(d) (“When denying relief, the court may
hand down an opinion but is not required to do so.”); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum
opinions).