

# NUMBERS 13-11-00085-CR & 13-11-00086-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE GEORGE OLIVAREZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, George Olivarez, proceeding pro se, filed a petition for writ of mandamus in the above causes through which he complained that the trial court "abused her discretion in failing to rule on [relator's] motion for DNA testing, appointment of counsel, or any other related motion accompanying them" in trial court cause numbers CR-00-145-ES1 and CR-00-156-ES1. We dismiss the petition for writ of mandamus as further stated herein.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

## I. BACKGROUND

In 2000, relator pleaded guilty to indecency with a child in trial court cause numbers CR-00-145-ES1 and CR-00-146-ES1 and was sentenced to concurrent twenty-five year sentences. Relator's appeal was dismissed. *See Olivarez v. State*, No. 13-00-00310-CR, 2001 Tex. App. LEXIS 3676, at *3 (Tex. App.–Corpus Christi May 31, 2001, no pet.) (per curiam) (not designated for publication).

Relator filed motions for DNA testing on February 6, 2007, November 14, 2007, and November 30, 2010. By petition for writ of mandamus filed in 2007, relator complained that the trial court had not ruled on his motion for DNA testing. *See In re Olivarez*, 2007 Tex. App. LEXIS 6141 (Tex. App.–Corpus Christi Aug. 1, 2007, orig. proceeding) (per curiam) (not designated for publication). This Court held in that proceeding that relator had not met his burden to show that the trial court was asked to rule on his motion and failed or refused to do so. *See id.* at *3.

On February 16, 2011, relator filed the instant petition for a writ of mandamus complaining that the Honorable Marisela Saldana, former judge of the 148th District Court of Nueces County, had failed to rule on relator's motions for DNA testing.

In January 2011, former Judge Saldana was succeeded in office by the Honorable Guy Williams. Accordingly, on February 17, 2011, this Court abated and remanded this original proceeding in order for former Judge Saldana's successor, the Honorable Guy Williams, to reconsider the matters at issue herein. *See* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."). That

same date, the Court requested the trial court to file a supplemental record including Judge Williams's rulings on reconsideration.

The Court has now received Judge William's ruling on reconsideration in these matters. The Court has also received a response from the State of Texas, acting by and through the District Attorney of Nueces County, Texas. Accordingly, we REINSTATE this original proceeding.

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

## III. ANALYSIS

Under article 64.01(c) of the Texas Code of Criminal Procedure, an indigent person seeking DNA testing is entitled to appointed counsel only if the trial court finds reasonable grounds for a testing motion to be filed. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (West Supp. 2010). Because the appointment of counsel under article 64.01(c) is not a ministerial act, mandamus will not lie. *In re Ludwig*, 162 S.W.3d 454 (Tex. App.–Waco 2005, orig. proceeding). Furthermore, the denial of a motion for

appointment of counsel on a motion for post-conviction DNA testing is not immediately appealable, but the issue may be raised on appeal from an order denying a motion for DNA testing. *See Gutierrez v. State*, 307 S.W.3d 318, 322-23 (Tex. Crim. App. 2010).

On June 6, 2011 in the instant case, the trial court signed an "Order and Memorandum on Defendant's Motion for DNA Testing" denying relator's request for DNA testing. The trial court found that there are no reasonable grounds for granting relator's motion for DNA testing and concluded that it is not required to appoint an attorney to represent the relator for the purposes of this proceeding.

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the trial court's ruling at issue herein, is of the opinion that this original proceeding has been rendered moot. Accordingly, because relator has received the relief he sought, the petition for writ of mandamus in these causes is DISMISSED AS MOOT. *See In re Luna*, 317 S.W.3d 484, 484 (Tex. App.--Amarillo 2010, orig. proceeding); *In re Medrano*, No. 13-10-00122-CR, 2010 Tex. App. LEXIS 1988, at *1-2 (Tex. App.–Corpus Christi Mar. 16, 2010, orig. proceeding) (per curiam) (not designated for publication). All further and other relief sought herein is likewise DISMISSED.


PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
8th day of June, 2011.

4