

# NUMBER 13-11-00575-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE EDWARD CANO

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion Per Curiam

Edward Cantu ("relator") is a pro se inmate serving a 20-year prison sentence for sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011 (West 2003). Relator is seeking to pursue a motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art 64.01, *et seq.* (West Supp. 2010). Relator has filed a petition for appointment of counsel and a supporting affidavit in cause number CR-056-08-G in the convicting court, the 370th district court of Hidalgo County, Texas, the Honorable Noe Gonzalez ("respondent") presiding. *See*

TEX. CODE CRIM. PROC. ANN. art 64.01(c) (West Supp. 2010). Alleging that respondent has not yet ruled on his petition for appointment of counsel, relator has filed a petition for writ of mandamus, asking this Court to direct respondent to set a hearing date for relator's petition for appointment of counsel. For the reasons set forth below, we deny the petition for writ of mandamus.

## I. LEGAL STANDARD

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet these requirements, then the petition for writ of mandamus should be denied. *See id.* It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

## II. ANALYSIS

In the case at bar, relator seeks to compel respondent to hold a hearing on his petition for appointment of counsel; however, there is nothing in Chapter 64 that requires the trial court to hold a hearing on a motion for appointment of counsel. Under article 64.01(c), an indigent person seeking DNA testing is entitled to appointed counsel only if the trial court finds reasonable grounds for a testing motion to be filed. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c). Because the appointment of counsel under article 64.01(c) is not a ministerial act, mandamus will not lie to correct errors in the refusal to

appoint counsel or to hold a hearing on a request for appointment of counsel. *See In re Ludwig*, 162 S.W.3d 454, 454-55 (Tex. App.—Waco 2005, orig. proceeding) (citing *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003) (appellate court reviews for abuse of discretion a trial court's finding concerning reasonable grounds in determining whether to grant a hearing on motion for new trial)).

Furthermore, the denial of a motion for appointment of counsel in a proceeding involving a motion for post-conviction DNA testing is not immediately appealable, but the issue may be raised on appeal from an order denying a motion for DNA testing. *See Gutierrez v. State*, 307 S.W.3d 318, 322-23 (Tex. Crim. App. 2010) ("The better course is for a convicted person to file a motion for DNA testing and, if and when the motion is denied, appeal any alleged error made by the trial judge in refusing to appoint counsel. If a reviewing court determines that the trial judge erred in failing to appoint counsel, then the case will be remanded to the trial court so the convicted person can file a subsequent motion for DNA testing with the assistance of counsel."). Thus, the denial of a request for appointment of counsel in a Chapter 64 proceeding is not subject to appeal unless the relator files a pro se motion for post-conviction DNA testing and the trial court denies the motion in an appealable order. *See In re Weisinger*, No. 12-10-00447-CR, 2011 Tex. App. LEXIS 523, *2 (Tex. App.—Tyler Jan. 26, 2011, orig. proceeding) (mem. op.); *In re Layton*, No. 07-10-00330-CV, 2010 Tex. App. LEXIS 7418, *3 (Tex. App.—Amarillo Sept. 8, 2010, orig. proceeding) (mem. op.). Under such circumstances, relator's remedy would be by appeal and not through an original mandamus proceeding. *In re Shank*, No. 09-10-00414-CV, 2010 Tex. App. LEXIS 9718, *2 (Tex. App.—Beaumont Dec. 9, 2010, orig. proceeding) (mem. op.).

3

### III.  CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus is of the opinion that the petition should be denied.  Accordingly, because relator has failed to demonstrate that he is entitled to extraordinary relief, the petition for writ of mandamus is denied.

PER CURIAM

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
12th day of October, 2011.

4