



## MEMORANDUM OPINION

No. 04-12-00226-CR

**IN RE** Michael Joseph **GRIFFITH**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting: Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed: May 2, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On April 18, 2012, Relator Michael Joseph Griffith filed a petition for writ of mandamus complaining that the Honorable Rex Emerson has failed to appoint counsel to aid relator in filing a motion for DNA testing pursuant to Article 64 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 64.01(c) (West 2011). Because relator has failed to comply with the requirements of chapter 64, we deny the requested relief.

Article 64.01(c) of the Texas Code of Criminal Procedure was amended in 2003. As amended, the trial court shall provide appointed counsel only if: (1) the convicted individual informs the court of his desire to submit a motion under this chapter; (2) the court finds reasonable grounds for the motion to be filed, and (3) the court makes a determination that the

---

[1] This proceeding arises out of Cause No. 573257, styled *State of Texas v. Michael Joseph Griffith*, in the 198th Judicial District Court, Mason County, Texas, the Honorable Rex Emerson presiding.

convicted individual is indigent. *Id.* Although Relator's Request for Appointment of Counsel Pursuant to Article 64, filed on February 23, 2012, informs the court of his desire to file a motion and of his indigency, the motion does not address the second prong of the requirements set forth in Chapter 64. *See In re Ludwig*, 162 S.W.3d 454, 454-55 (Tex. App.—Waco 2005, orig. proceeding) ("[E]ven if the convicting court determines that a convicted person is indigent, the court would not be required to appoint counsel if it found there were no reasonable grounds for the motion to be filed."); *In re Braziel*, No. 14-09-00489-CR, 2009 WL 1678096 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

Accordingly, relator's petition for writ of mandamus is denied.

PER CURIAM

DO NOT PUBLISH