Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-12-00599-CR

**IN RE** Mario **SAUCEDO**, Sr.

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  October 17, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

In 2002, relator was convicted of two counts of aggravated sexual assault of a child and one count of indecency with a child.  On October 8, 2003, this court affirmed the appeal in Cause No. 04-02-00864-CR and the mandate issued on May 3, 2004.  Therefore, Saucedo's felony convictions became final.

On September 18, 2012, relator Mario Saucedo, Sr. filed a petition for writ of mandamus, complaining that the Honorable Rex Emerson has failed to appoint counsel to aid relator in filing a motion for DNA testing pursuant to Article 64 of the Texas Code of Criminal Procedure.  TEX. CODE CRIM. PROC. art. 64.01(c) (West 2011).  Because relator has failed to comply with the requirements of chapter 64, we deny the requested relief.

---

[1] This proceeding arises out of Cause No. 02-1892, styled *State of Texas v. Mario Saucedo, Sr.*, pending in the 198th Judicial District Court, Menard County, Texas, the Honorable M. Rex Emerson presiding.

Article 64.01(c) of the Texas Code of Criminal Procedure was amended in 2003. As amended, the trial court shall provide appointed counsel only if: (1) the convicted individual informs the court of his desire to submit a motion under this chapter; (2) the court finds reasonable grounds for the motion to be filed, and (3) the court makes a determination that the convicted individual is indigent. *Id.* Although neither party contests relator's indigency, the motion does not address the second prong of the requirements set forth in Chapter 64. *See In re Ludwig*, 162 S.W.3d 454, 454–55 (Tex. App.—Waco 2005, orig. proceeding) ("[E]ven if the convicting court determines that a convicted person is indigent, the court would not be required to appoint counsel if it found there were no reasonable grounds for the motion to be filed.") In the present case, the offenses for which relator was convicted occurred over a period of eight years preceding the investigation and identity was never an issue at trial. Thus, relator has failed to prove reasonable grounds for the motion to be filed. *Id.*

Accordingly, relator's petition for writ of mandamus is denied.

PER CURIAM

DO NOT PUBLISH