# NO. 12-20-00063-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | *§* | |
| *JOE MARLIN GILMER,* | *§* | *ORIGINAL PROCEEDING* |
| *RELATOR* | *§* | |

*MEMORANDUM OPINION*
*PER CURIAM*

Joe Marlin Gilmer, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on his motion for appointment of counsel pursuant to Chapter 64 of the code of criminal procedure.[1]  Relator states that he filed the motion on September 9, 2019.  Attached to Relator's petition for writ of mandamus are the following documents: (1) a partially legible letter, dated December 10, 2019, that appears to request his motion be presented to the court, but the addressee is illegible (Relator states the letter is addressed to the court administrator); (2) a December 31, 2019, letter addressed to Respondent and requesting a ruling on his motion; and (3) a January 20, 2020, letter addressed to Respondent and requesting information regarding disposition of the motion.  He asks this Court to direct Respondent to rule on his motion for appointment of counsel.

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision).  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  If the relator fails to satisfy either prong of this test, mandamus relief should be denied.  *Id*.

---

[1] Respondent is the Honorable Chris B. Martin, Judge of the 294th District Court in Van Zandt County, Texas.  The State of Texas is the Real Party in Interest.

Chapter 64 of the code of criminal procedure addresses motions for forensic DNA testing. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01-64.05 (West 2018). A convicted person is entitled to counsel during a proceeding under Chapter 64. *Id*. art. 64.01(c). "The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent." *Id*. Thus, even if the convicting court determines that a convicted person is indigent, the court is not required to appoint counsel if it finds there were no reasonable grounds for the motion to be filed—a finding that an appellate court would review for abuse of discretion. *In re Ludwig*, 162 S.W.3d 454, 455 (Tex. App.—Waco 2005, orig. proceeding). Accordingly, the appointment of counsel under chapter 64 involves a discretionary decision and is not a purely ministerial act. *Id*.; *see also In re Weisinger*, No. 12-13-00205-CR, 2014 WL 5390660, at *4 (Tex. App.—Tyler Oct. 22, 2014, orig. proceeding) (mem. op., not designated for publication).

Because the act Relator seeks to compel is not ministerial, he is not entitled to mandamus relief. *See Young*, 236 S.W.3d at 210; *see also Weisinger*, 2014 WL 5390660, at *4 (denying mandamus petition that sought order directing trial court to appoint counsel to assist in preparing motion for forensic DNA testing); *Ludwig*, 162 S.W.3d at 455 (denying mandamus petition that requested order compelling trial court to appoint attorney to represent him in Chapter 64 proceeding). We *deny* the petition for writ of mandamus.

Opinion delivered February 28, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2020**

**NO. 12-20-00063-CR**

**JOE MARLIN GILMER,**
Relator
V.

**HON. CHRIS B. MARTIN,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Joe Marlin Gilmer; who is the relator in appellate cause number 12-20-00063-CR and the defendant in trial court cause number CR-15-00226 in the 294th Judicial District Court of Van Zandt County, Texas. Said petition for writ of mandamus having been filed herein on February 26, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*