# NO. 12-22-00211-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *ERNEST L. MAY,* | § | *ORIGINAL PROCEEDING* |
| *RATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Ernest L. May, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on his motion for DNA testing.[1] He states that he filed his motion in August 2021 and made inquiries to Respondent. He asks us to order Respondent to rule on his motion, set an evidentiary hearing, and appoint counsel.

In 2010, a jury convicted Relator of indecency with a child by exposure and indecency with a child by contact. This Court affirmed his conviction. *See May v. State*, No. 12-10-00284-CR, 2011 WL 1198968 (Tex. App.—Tyler Mar. 31, 2011, no pet.) (mem. op., not designated for publication). The record demonstrates that on December 13, 2021, Respondent signed an order notifying the State of Relator's motion for DNA testing and requiring the State to disclose the existence of any evidence containing biological material that was not previously subjected to DNA testing or, even if previously tested, can be subject to testing with newer techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test. The order further required that (1) if such evidence exists, the State was required to deliver the evidence to the trial court, or (2) explain in writing why the State could not deliver evidence to the court. In a letter, also dated December 13, Respondent informed Relator of the order and stated that he would appoint counsel if the State delivers evidence. Respondent stated that if no evidence exists, it would be inappropriate to appoint counsel

---

[1] Respondent is the Honorable Paul E. White, Judge of the 159th District Court in Angelina County, Texas. The State of Texas is the Real Party in Interest.

because there would be no basis to seek DNA testing. The State's response provides that the only evidence collected was a $5 bill and photographs. The response further provides that the "Hudson Police Department further reports and confirms that no items were collected for DNA testing and no items were submitted for DNA testing. Additionally, no 'pants' were taken into evidence." *See id.* at *1 (the victim claimed that a man – May - removed his pants during the offense; officers recovered a $5 bill he gave to the victim and took photographs of May's body). Thus, the State maintained that no responsive evidence was taken into custody that was submitted, tested, or could be tested for DNA. The record does not contain any further orders from Respondent.

In the appendix to his mandamus petition, Relator attached a cover sheet informing Respondent that he has been waiting for Respondent to complete execution of his order on Relator's motion for DNA testing, notifying Respondent that he filed a mandamus petition with this Court, and providing Respondent with certain documents. One document is an amendment requesting an oral evidentiary hearing and appointment of counsel in accordance with Relator's motion for post-conviction scientific testing. Relator dated the document July 20, 2022. This appears to be Relator's attempt at seeking a ruling on his motion for DNA testing, and such a request is generally a predicate for mandamus relief. *See **In re Jones***, No. 14-19-00071-CR, 2019 WL 758430, at *3 (Tex. App.—Houston [14th Dist.] Feb. 21, 2019, orig. proceeding) (mem. op., not designated for publication) (per curiam) (right to mandamus relief generally requires predicate request for action and refusal of that request); *see also **In re Bledsoe***, No. 06-16-00029-CR, 2016 WL 9136150, at *2 (Tex. App.—Texarkana Mar. 22, 2016, orig. proceeding (mem. op., not designated for publication) (same).

However, "[i]f a party properly files a motion with the trial court in a criminal case, the court has a ministerial duty to rule on the motion within a *reasonable time* after the motion has been submitted to the court for a ruling or *after the party has requested a ruling*." ***In re Gomez***, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (emphasis added). Assuming these documents were properly filed and called to Respondent's attention, Respondent has possibly been aware of the request for a ruling on relator's motion for DNA testing for only a few days. *See **In re Dong Sheng Huang***, 491 S.W.3d 383, 385-86 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("Filing a request for a ruling is insufficient to call the matter to the judge's attention because a judge may be unaware of the request. Instead,

2

the party demanding a ruling must set its request either for submission or a hearing"). Accordingly, a reasonable time for responding to Relator's request for a ruling has not passed.[2] *See **In re Ramos***, 598 S.W.3d 472, 474 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (judge had been aware of motion for judgment nunc pro tunc approximately five months before appellate court opinion; thus, judge did not rule on motion within reasonable time); *see also **In re Sayyed***, No. 05-20-00195-CV, 2020 WL 6074117, at \*3 (Tex. App.—Dallas Oct. 15, 2020, orig. proceeding) (mem. op. on reh'g) (at time of October 2020 opinion, respondent had learned of the motion on July 1, 2020; thus, reasonable time for ruling had not passed).

We also note that, even if Respondent determined that Relator is indigent, he is not required to appoint counsel if he finds there were no reasonable grounds for the motion to be filed—a finding that an appellate court would review for abuse of discretion. ***In re Ludwig***, 162 S.W.3d 454, 455 (Tex. App.—Waco 2005, orig. proceeding). Thus, the appointment of counsel under Chapter 64 involves a discretionary decision and is not a purely ministerial act. *Id*.; *see also **In re Gilmer***, No. 12-20-00063-CR, 2020 WL 975365, at \*1 (Tex. App.—Tyler Feb. 28, 2020, orig. proceeding) (mem. op., not designated for publication) (per curiam); ***In re Weisinger***, No. 12-13-00205-CR, 2014 WL 5390660, at \*4 (Tex. App.—Tyler Oct. 22, 2014, orig. proceeding) (mem. op., not designated for publication). Accordingly, because such an act is not ministerial, and Relator would not be entitled to mandamus on this basis. *See **State ex rel. Young v. Sixth Judicial Dist. Court of Appeals***, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *see also **Gilmer***, 2020 WL 975365, at \*1 (denying mandamus petition that sought order directing trial court to rule on motion for appointment of counsel pursuant to Chapter 64); ***Weisinger***, 2014 WL 5390660, at \*4 (denying mandamus petition that sought order directing trial court to appoint counsel to assist in preparing motion for forensic DNA testing);

---

[2] A trial court is never required to grant a convicted person's request for DNA testing absent the showing required by Article 64.03. ***Dinkins v. State***, 84 S.W.3d 639, 643 (Tex. Crim. App. 2002); ***In re Henderson***, No. 06-13-00189-CR, 2013 WL 12297783, at \*2 n.4 (Tex. App.—Texarkana Sept. 17, 2013, orig. proceeding) (mem. op., not designated for publication). Under Article 64.03, a trial court may grant a motion for DNA testing only if certain requirements are met, including when the court finds the evidence still exists and is in a condition making DNA testing possible and there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing. Tex. Crim. Proc. Ann. art. 64.03(a)(1)(A), (B) (West 2018). Here, the State's response seems to indicate that no biological material exists that could meet this standard. *See id*. at art. 64.01 (West 2018) ("biological material" means an "item that is in possession of the state and that contains blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other identifiable biological evidence that may be suitable for forensic DNA testing; and [] includes the contents of a sexual assault evidence collection kit"). The denial of a motion for DNA testing is appealable. *See id.* art. 64.05 (West 2018).

3

***Ludwig***, 162 S.W.3d at 455 (denying mandamus petition that requested order compelling trial court to appoint attorney to represent him in Chapter 64 proceeding).

Under the circumstances of this case, we conclude that Relator failed to demonstrate an entitlement to mandamus relief. Thus, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered July 29, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 29, 2022**

**NO. 12-22-00211-CR**

**ERNEST L. MAY,**
Relator
V.

**HON. PAUL E. WHITE,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Ernest L. May; who is the relator in appellate cause number 12-22-00211-CR and the defendant in trial court cause number CR29-247, formerly pending on the docket of the 159th Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on July 26, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

5