

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00263-CR

**JERRY RANDAL RANGEL,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 06-03010-CRF-361

## MEMORANDUM  OPINION

Appellant Jerry Randal Rangel challenges two orders, both issued the same day,

which denied motions seeking forensic testing and retesting of certain items of evidence

admitted during the jury trial that resulted in his conviction for aggravated sexual assault

of a minor.  *See generally* TEX. CODE CRIM. PROC. ANN. art. 64.01 (allowing motion for such

testing); *Rangel v. State*, No. 10-07-00247-CR, 2009 WL 540780 (Tex. App.—Waco Mar. 4,

2009, pet. ref'd) (mem. op., not designated for publication) (affirming conviction); *Rangel v. Davis*, No. H-18-2208, 2019 WL 2716551 (S.D. Tex. 2019) (dismissing petition for habeas relief filed under 28 U.S.C. § 2254). Also before the Court is Rangel's pending motion to amend the record on appeal.[1] We will affirm the trial court's orders and deny the motion.

## Background

Rangel was indicted for aggravated sexual assault in 2006. The case proceeded to trial, and the jury heard testimony that the thirteen-month-old victim's grandmother had arrived home and found the victim naked, unconscious, and bleeding. She also testified that she found Rangel—at the time staying in the apartment a few nights a week—asleep in the same room with his belt unbuckled and his pants wet. After a nearby hospital suspected critical injury, the victim was flown to a larger hospital, which diagnosed her with multiple injuries, including widespread bruising, multiple skull fractures, a fractured femur, and vaginal lacerations.

The jury also heard testimony that a diaper found by investigators the day of the assault (State's Exhibit 63) contained biological material matching the DNA profiles of both Rangel and the victim, while a diaper found the day after the assault (State's Exhibit 61) produced biological samples matching only the victim's DNA profile. There was also

---

[1] The record filed in this cause did not include everything before the trial court at the time it ruled on the Chapter 64 motions. Thus, on our own motion, we ordered that the record from the direct appeal, No. 10-07-00247-CR, be added to the record in this cause. *See* TEX. R. APP. P. 34.5(c)(1) (allowing appellate court to order supplementation of record); *Rangel v. State*, No. 10-21-00263-CR (Tex. App.—Waco Nov. 8, 2021, order). The parties did not object.

testimony regarding additional evidence gathered the day after the assault: detectives recovered two swabs of blood "splatter" found on and near the bedroom wall (State's Exhibit 60) and a birthday card (Bryan Police item 20) near the bed that a local police detective testified was "not presumptive for blood." The jury found Rangel guilty and the trial court assessed its punishment at life in the penitentiary. On direct appeal, this Court affirmed the conviction and sentence, *see generally* 2009 WL 540780, and the Court of Criminal Appeals refused Rangel's petition for discretionary review. The state and federal courts denied habeas relief.

On November 6, 2019, Rangel filed his first motion for forensic testing and supporting affidavit, requesting testing of the birthday card and two swabs taken from the wall and birthday card. On May 24, 2021, with no ruling on his earlier motion, Rangel filed a motion for forensic retesting and supporting affidavit, arguing that State's Exhibit 63—the diaper with biological material consistent with the DNA profiles of Rangel and the victim—should be retested. He subsequently sought mandamus relief from this Court, asking that we order the trial court to rule on his motions; we denied that petition. The trial court then denied both motions, and Rangel sought timely appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05 (governing appeals from motions for forensic testing); TEX. R. APP. PROC. 25.2(a)(2) (exempting Chapter 64 appeals from certification requirement).

**Amendment of Record**

We begin with Rangel's motion to amend the record on appeal. Rule 34.5 allows parties to identify inaccuracies in the record and requires the appellate court to take steps to correct those defects. *See* TEX. R. APP. P. 34.5(d). Rangel's motion complains that our opinion disposing of his direct appeal "fail[ed] to accurately disclose evidence admitted during trial" by stating that DNA from biological material on one of the diapers matched the profiles of both the victim and to Rangel. *See* 2009 WL 540780, at *6. Our mandate in that cause issued on July 30, 2009, and we have no jurisdiction to revisit our opinion. And to the extent Rangel complains of the trial court's inclusion of language from our earlier opinion in the orders presently before this Court, we have no authority to strike that language from the orders. *See* Tex. R. App. P. 34.5(a)(5) (requiring inclusion of judgment or order challenged on appeal). We therefore deny his motion.

**Chapter 64 Motions**

Chapter 64 of the Code of Criminal Procedure affords a mechanism by which a convicted individual may seek forensic testing or retesting of evidence that may contain biological material if that evidence remains in the possession of the State. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1). Chapter 64 requires a trial court to order forensic testing if the movant establishes by a preponderance of the evidence that "a reasonable probability exists that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing." *Carter v. State*, 134 S.W.3d

484, 485 (Tex. App.—Waco 2004, no pet.) (citing TEX. CODE CRIM. PROC. ANN. 64.03(a)(2)(A)). The movant must also establish that: (1) evidence still exists which can be subjected to DNA testing; (2) the evidence has been subjected to a chain of custody sufficient to establish it has not been tampered with; (3) identity was or is an issue in the case; and (4) the request for DNA testing "is not made to unreasonably delay the execution of sentence or administration of justice." *See id*. at 485–86 (citing and quoting TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)–(2)).

To obtain retesting of evidence previously subject to forensic testing, the movant must establish each of the above and that the evidence:

(A)     can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test; or

(B)     was tested:

(i)     at a laboratory that ceased conducting DNA testing after an audit by the Texas Forensic Science Commission revealed the laboratory engaged in faulty testing practices; and

(ii)     during the period identified in the audit as involving faulty testing practices.

TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2). If the movant establishes these elements by a preponderance of the evidence, the trial court must order the testing. *See id*. art. 64.03(a)(2).

"When reviewing a judge's ruling on a [c]hapter 64 motion, we use the familiar bifurcated standard of review articulated in *Guzman v. State*: we give almost total deference to the judge's resolution of historical fact issues supported by the record and applications-of-law-to-fact issues turning on witness credibility and demeanor." *Reed v. State*, 541 S.W.3d 759, 768 (Tex. Crim. App. 2017) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). "But we review de novo all other application-of-law-to-fact questions." *Id*. at 769. "Under this standard, we review de novo 'the ultimate question of whether a reasonable probability exists that exculpatory DNA tests would prove innocence.'" *Carter*, 134 S.W.3d at 486 (quoting *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002)). When reviewing a Chapter 64 motion, we must affirm based on any theory supported by the record. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000) (general rule); *see also Scott v. State*, No. 14-08-01060-CR, 2010 WL 1236320, at *1 n.2 (Tex. App.—Houston [1st Dist.] Apr. 1, 2010, pet. ref'd) (mem. op., not designated for publication) (in context of denial of Chapter 64 motion).

Rangel predicates his first motion, which requests testing of a birthday card and two swabs,[2] on a theory that "David Cruz assaulted the victim and the evidence

---

[2] It is unclear from the record how much testing was done on the swabs and the birthday card. If we assume arguendo that some or all of these materials were subject to forensic testing before or during trial, Rangel's motion and appeal would fail for the reasons stated here and independently because he has not identified any faults in that testing or any new techniques. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(b)(2)(B) and our discussion infra.

discovered the next day was manufactured by the victim's family."[3] He argues that the evidence he has identified for testing was "fabricated" "by someone with intimate knowledge of the facts of the offense" and that if this evidence "contain[s] the victim['] s blood/DNA, [the result] amounts to exculpatory information that was not presented to the jury."

We do not find Rangel's arguments persuasive. First, even if the trial court were to order the testing requested in the first motion, and even if that testing were to reveal the victim's DNA profile on any of the tested items, Rangel would not have identified any exculpatory information. As the trial court pointed out in its denial of the motion, the identity of the victim is not an issue in this case. And even if testing were to reveal genetic material consistent with the DNA profile of someone other than Rangel—a theory Rangel presented in both motions and in his briefs on appeal—that information would potentially implicate another individual but would not alone exonerate Rangel in part because the evidence that he was the perpetrator was overwhelming. The jury reviewed evidence that Rangel was found in the floor passed out or asleep near the victim, that Rangel's pants were unbuckled, that the crotch of the pants was wet, that Rangel had indulged in both alcohol and cocaine the night of the offense, that Rangel was a registered

---

[3] According to testimony presented at trial, Cruz is a family friend who would sometimes stay overnight in the household and would sometimes babysit the victim. Koehler testified that testing an "apparent pubic hair" found in the diaper from the rape kit resulted in a genetic profile "consistent with" the DNA profile of Cruz and "eliminated" Rangel as the donor.

sex offender at the time of the offense, and that a DNA profile in biological material obtained from one of the diapers is consistent with Rangel's DNA profile. Moreover, the jury heard and rejected Rangel's theory that Cruz committed the crime. Thus, Rangel did not meet his burden at the trial court to show that testing of these items would result in evidence that, if presented to the jury, he "would not have been convicted." *See* TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(2)(A). Rangel therefore has not met his burden on appeal, and we overrule his challenge to the trial court's order denying his first motion.

We reject Rangel's challenge to the trial court's order denying his second motion for similar reasons. First, we must emphasize that Rangel's second motion is a motion for <u>re</u>testing—or "statistical recalculation" of the resulting DNA profiles—already subject to testing: material on a diaper (State's Exhibit 63) that included biological material matching the DNA profiles of both Rangel and the victim. Accordingly, because he seeks retesting, Rangel must identify newer techniques that might result in "more accurate" testing results or must show that the original testing was performed by a laboratory using faulty techniques. *See id*. art. 64.01(b)(2)(B). Other than a conclusory statement that "[t]esting methods used at the time have now been called into question," Rangel has not identified any testing technique that might result in more accurate results and has not identified any purportedly questionable practices used by the laboratory that conducted the testing on State's Exhibit 63, and our sister courts have held that statistical recalculation is not a testing technique for the purpose of Chapter 64 retesting motions.

*See In re Rice*, Nos. 03-19-00745-CR, 03-19-00746-CR, 2020 WL 5507269, at *5 (Tex. App.—

Austin Sep. 11, 2020, pet. ref'd); *Loveday v. State*, Nos. 09-16-00452, -00460, -00461-CR, 2017

WL 5179954, at *3 (Tex. App.—Beaumont Nov. 8, 2017, no pet.) (mem. op., not designated

for publication). Moreover, even if Rangel had done so, his second motion would

independently fail for the same reason as the first: he has not shown how any new

information obtained would have exonerated him or otherwise prevented his conviction

if presented to a jury. Because Rangel did not meet his burden before the trial court and

has not met his burden on appeal, we overrule his challenge to the trial court's disposition

of Rangel's second Chapter 64 motion.

## Appointment of Counsel

Chapter 64 generally requires the appointment of counsel to represent an indigent

movant where the movant "informs the court that [he or she] wishes to submit a motion

under this Chapter, [and] the court finds reasonable grounds for a motion to be filed."

*See id*. art. 64.01(c); *Gray v. State*, 69 S.W.3d 835, 837 (Tex. App.—Waco 2002, no pet.).

However, "[e]ven if the convicting court determines that a convicted person is indigent,

the court is not required to appoint counsel if it finds there are no reasonable grounds for

the motion to be filed." *In re Marshall*, 577 S.W.3d 581, 583 (Tex. App.—Houston [14th

Dist. 2019, orig. proceeding) (citing *In re Ludwig*, 162 S.W.3d 454, 454 (Tex. App.—Waco

2005, orig. proceeding)). "Such a finding is reviewed under an abuse-of-discretion

standard, either in a mandamus or as part of the appeal of the denial of DNA testing."

*Id.* (citing *Ludwig*, 162 S.W.3d at 455).

In this case, no one disputes that Rangel is indigent or that he made his desire to file the motions known to the trial court. And while the trial court did not make an express finding that there are no "reasonable grounds" for a Chapter 64 motion, because that court denied the appointment of counsel, we must infer that the court found no such ground. *See Dunning v. State*, 572 S.W.3d 685, 692 (Tex. Crim. App. 2019) ("When the trial court does not enter separate findings, we imply findings necessary to support the ruling so long as they are reasonably supported by the record." (citing *Guzman*, 955 S.W.2d at 87)). Further, and as explained above, we agree with the trial court's implicit finding that Rangel failed to identify a reasonable ground for a Chapter 64 motion. We therefore overrule Rangel's final issue on appeal.

### Conclusion

For the reasons stated herein, we deny Rangel's motion to amend the record on appeal and affirm the orders of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,*
 Justice Johnson, and

Justice Rose[4]

*(Chief Justice Gray concurs. A separate opinion will not issue.)

Affirmed
Opinion delivered and filed May 3, 2023
Do not publish
[CRPM]



---

[4] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.