**Petition for Writ of Mandamus Denied and Opinion filed February 26, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00131-CR

---

## IN RE ROMARCUS DEON MARSHALL, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 833880**

---

## OPINION

On February 14, 2019, relator Romarcus Deon Marshall filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Randy Roll, presiding judge of the 179th District Court of Harris County, either (1) to grant his motion to appoint counsel to represent relator on a motion for DNA testing or (2) to otherwise rule on his motion.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).

Chapter 64 of the Code of Criminal Procedure provides for postconviction DNA testing. *See* Tex. Code Crim. Proc. Ann. arts. 64.01.–.05. Article 64.01 of the Code of Criminal Procedure provides that a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. *Id.* art. 64.01(a)-1.

Under the 2001 version of article 64.01(c), the Court of Criminal Appeals held that the appointment of counsel to represent a convicted person in connection with a motion for postconviction DNA testing was mandatory if the trial court determined that the convicted person was indigent. *Neveu v. Culver*, 105 S.W.3d 641, 642 (Tex. Crim. App. 2003) (orig. proceeding); *see also* Act of Apr. 3, 2001, 77th Leg., R.S., ch. 2, § 2, art. 64.01(c), 2001 Tex. Gen. Laws 2, 3 ("A convicted person is entitled to counsel during a proceeding under this chapter. If a convicted person informs the convicting court that the person wishes to submit a motion under this chapter and if the court determines that the person is indigent, the court shall appoint counsel for the person."). Relator relies on opinions interpreting the 2001 version of article 64.01(c). *See In re Cash*, 99 S.W.3d 286, 288 (Tex. App.—Texarkana 2003, orig. proceeding); *Clark v. State*, 84 S.W.3d 313, 314 (Tex. App.—Beaumont 2002, pet. ref'd).

However, the Legislature amended article 64.01(c) in 2003. *See* Act of Apr. 28, 2003, 78th Leg., R.S., ch. 13, § 1, art. 64.04(c), 2003 Tex. Gen. Laws 16, 16 ("A convicted person is entitled to counsel during a proceeding under this chapter. The convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent."); *In re Ludwig*, 162 S.W.3d 454, 454 (Tex. App.—Waco 2005, orig. proceeding). Under the current version of article 64.01(c), the convicting court is now required to appoint counsel only if it determines that the convicted person is indigent *and* finds reasonable grounds for a motion to be filed. *Ludwig*, 162 S.W.3d at 454–55. Even if the convicting court determines that a convicted person is indigent, the court is not required to appoint counsel if it finds there are no reasonable grounds for the motion to be filed. *Id.* at 455. Such a finding is reviewed under an abuse-of-discretion standard, either in a mandamus or as part of the appeal of the denial of DNA testing. *Gutiererz v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010) (appeal); *Ludwig*, 162 S.W.3d at 455 (mandamus). Therefore, the appointment of counsel is no longer a ministerial act. *Ludwig*, 162 S.W.3d at 455.

Consequently, we cannot compel the appointment of counsel for relator with respect to his motion for DNA testing. In addition. relator has not made a substantive legal argument in his petition for a writ of mandamus for his alternative request, which is to order Judge Roll to rule on relator's motion to appoint counsel. Relator

has failed to establish that he is entitled to mandamus relief.  Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Wise, Zimmerer, and Spain.
Publish — Tex. R. App. P. 47.2(b).