**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 5, 2019.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-19-00941-CR**

---

**IN RE ABRAHAM CAMPOS, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**149th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 26,947-6**

---

## MEMORANDUM OPINION

On November 25, 2019, relator Abraham Campos filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Teri Holder, presiding judge of the 149th District Court of Brazoria County, to appoint counsel on a motion for DNA testing.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).

The trial court denied relator's request for the appointment of counsel to represent relator on a motion for DNA testing on October 7, 2019. Chapter 64 of the Code of Criminal Procedure provides for postconviction DNA testing. *See* Tex. Code Crim. Proc. Ann. arts. 64.01.–.05. Article 64.01 of the Code of Criminal Procedure provides that a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. *Id.* art. 64.01(a)-1.

Under the 2001 version of article 64.01(c), the Court of Criminal Appeals held that the appointment of counsel to represent a convicted person in connection with a motion for postconviction DNA testing was mandatory if the trial court determined that the convicted person was indigent. *Neveu v. Culver*, 105 S.W.3d 641, 642 (Tex. Crim. App. 2003) (orig. proceeding). However, the Legislature amended article. 64.01(c) in 2003. *In re Marshall*, 577 S.W.3d 581, 582 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding). Under the current version of article 64.01, the convicting court is now required to appoint counsel only if it determines that the convicted person is indigent *and* finds reasonable grounds for a motion to be filed. *Id.* at 583.

Even if the convicting court determines that a convicted person is indigent, the court is not required to appoint counsel if it finds no reasonable grounds exist for the motion to be filed. *Id.* Such a finding is reviewed under an abuse-of-discretion

2

standard, either in a mandamus or as part of the appeal of the denial of DNA testing. *Id.* (citing *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010); *In re Ludwig*, 162 S.W.3d 454, 454 (Tex. App.—Waco 2005, orig. proceeding)). Therefore, the appointment of counsel is no longer a ministerial act. *Id.*

Relator has failed to establish that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Wise, Jewell, and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).