**DENIED and Opinion Filed December 18, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01428-CV

### IN RE ANDREW JACKSON, Relator

**Original Proceeding from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause Nos. F91-04916-WL & F92-02256-IL**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Molberg

In this original proceeding, relator Andrew Jackson petitions the Court for a writ of mandamus compelling the trial court to vacate its decision denying relator's request for appointment of counsel to assist him in proceedings for post-conviction DNA testing. We deny relief.

Initially, we observe relator's petition is deficient under the rules of appellate procedure. A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition bears an inmate declaration stating relator does "verify and declare under penalty of perjury the foregoing statements are true and correct." Thus, relator's certification does not comply with rule 52.3(j). *See id.*; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has attached copies of documents to his petition, but the documents are not certified or sworn copies and thus not properly authenticated under the rules of appellate procedure. Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration conforming to section 132.001 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 132.001; *Butler*, 270 S.W.3d at 759; *In re Taylor*, 28 S.W.3d 240, 245, (Tex. App.—Waco 2000, orig. proceeding), *disapproved on other grounds by In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). The affidavit or unsworn declaration must affirmatively show it is based on the affiant's personal knowledge. *Butler*, 270 S.W.3d at 759. The affidavit or unsworn declaration is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them. *Id.* To comply with the rules, the affidavit or unsworn declaration must state the affiant has personal knowledge that the copies of the documents in the appendix are correct copies of the originals. *Id.*

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without a properly authenticated appendix, relator has not provided a sufficient record to show his entitlement to mandamus relief. *See Butler*, 270 S.W.3d at 759.

In addition to the deficiencies in relator's petition, relator also requests relief beyond the Court's power to grant. To establish a right to mandamus relief, relator must show that the trial

court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Although relator contends the trial court has a ministerial duty to appoint counsel to represent him, the DNA testing statute requires the trial court to appoint counsel only if the trial court determines the applicant is indigent and it finds reasonable grounds for filing a motion seeking testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(c). Because findings of indigence and reasonable grounds are prerequisites for the appointment of counsel, other appellate courts considering this issue have determined that the appointment of counsel in post-conviction DNA appeals is discretionary and thus not purely a ministerial act. *See In re Marshall*, 577 S.W.3d 581, 583 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding); *In re Ludwig*, 162 S.W.3d 454, 454–55 (Tex. App.—Waco 2005, orig. proceeding).

Because relator has not filed a properly authenticated petition for writ of mandamus and an authenticated appendix of supporting documents, and because the trial court's determination not to appoint counsel involves an exercise of the trial court's discretion, we conclude relator has not established the trial court violated a ministerial duty. *See Weeks*, 391 S.W.3d at 122; *Butler*, 270 S.W.3d at 758–59; *Marshall*, 577 S.W.3d at 583.

Accordingly, we deny mandamus relief.


/Ken Molberg//
_____
KEN MOLBERG
JUSTICE

191428f.p05

–3–