

# NUMBER 13-22-00081-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE GEORGE LONGORIA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Chief Justice Contreras[1]

Relator George Longoria has filed a pro se petition for writ of mandamus through which he asserts that he was denied the effective assistance of counsel in the proceedings pertaining to his request for postconviction DNA testing.[2] *See* TEX. CODE

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] On direct appeal, this Court affirmed relator's conviction for murder. *See Longoria v. State*, No. 13-95-00301-CR, 1997 WL 33641975, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 13, 1997, no pet.) (not designated for publication); *see also In re Longoria*, No. 13-16-00139-CR, 2016 WL 921245, at *1 (Tex. App.—Corpus Christi–Edinburg Mar. 9, 2016, orig. proceeding) (mem. op., not designated for publication) (per curiam) (dismissing relator's application for writ of habeas corpus for lack of jurisdiction).

CRIM. PROC. ANN. art. 64.01–.05 (governing motions for forensic DNA testing); *In re Marshall*, 577 S.W.3d 581, 582 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding).

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act, not involving a discretionary or judicial decision, and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210; *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts and a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record. *See generally* TEX. R. APP. P. 52.3 (governing the form and contents for a petition). Further, the relator must file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k)

2

(specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Relator's petition for writ of mandamus generally fails to comply with the Texas Rules of Appellate Procedure, and relator has not furnished this Court with an appendix and record in support of his claim for relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
3rd day of March, 2022.