**Petition for Writ of Mandamus Dismissed and Memorandum Majority and Dissenting Opinions filed November 1, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00543-CR

---

### IN RE WALTER HINTON JUNIOR, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1316867**

---

## MEMORANDUM DISSENTING OPINION

I respectfully dissent. Relator's petition for writ of mandamus should be denied.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516, S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).

Chapter 64 of the Code of Criminal Procedure provides for postconviction DNA testing. *See* Tex. Code Crim. Proc. Ann. arts. 64.01–.05. Article 64.01 of the Code of Criminal Procedure provides that a convicted person may submit to the convicting court a motion for forensic DNA testing of evidence containing biological material. *Id*. art. 64.01(a)-1.

The convicting court must appoint counsel only if it determines that the convicting person is indigent *and* the court finds reasonable grounds for a motion to be filed. *See In re Marshall*, 577 S.W.3d 581, 583 (Tex. App.—Houston [14th Dist.] Feb. 2019, orig. proceeding) (explaining 2003 legislative amendments to article 64.01(c)). Even if the convicting court determines that a convicted person is indigent, the court is not required to appoint counsel if it finds there are no reasonable grounds for the motion to be filed. *In re Ludwig*, 162 S.W.3d 454, 455 (Tex. App.—Waco 2005, orig. proceeding). Such a finding is reviewed under an abuse-of-discretion standard, either in mandamus or as part of the appeal of the denial of DNA testing. *Marshall*, 577 S.W.3d at 583, citing, *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010) (appeal) and *Ludwig*, 162 S.W.3d at 455 (mandamus). Therefore, the appointment of counsel under chapter 64 involves a discretionary decision and is not a purely ministerial act. *Marshall*, 577 S.W.3d at 583. Because relator seeks to compel a discretionary act, appellant is not entitled to mandamus relief.


/s/    Margaret "Meg" Poissant
       Justice


Panel Consists of Justices Zimmerer, Spain, and Poissant. (Spain, J., majority).

Do Not Publish — Tex. R. App. P. 47.2(b).