

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00079-CR

IN RE JOHNIFER RAY MUMPHREY

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Johnifer Ray Mumphrey filed a pro se petition for a writ of mandamus asking this Court to compel Judge Alfonso Charles of the 124th Judicial District Court of Gregg County, Texas, to appoint Mumphrey counsel because he is indigent and "wishes to submit a motion for DNA testing by law" pursuant to Chapter 64 of the Texas Code of Criminal Procedure. Because Mumphrey has failed to comply with the Texas Rules of Appellate Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief, we deny his petition.

First, Rule 52.3 of the Texas Rules of Appellate Procedure requires the person filing the petition for a writ of mandamus to "certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The petition in this case does not contain the required certification.

Next, Rule 52.7(a)(1) states that a "[r]elator must file with the petition . . . a certified or sworn copy of every document that is material to the relator's claim[s] for relief *and that was filed in any underlying proceeding*." TEX. R. APP. P. 52.7(a)(1) (emphasis added). Also, Rule 52.3(k)(1)(A) states, "The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Here, Mumphrey did not attach to his petition a certified or sworn copy of a motion asking the trial court for appointment of counsel for DNA testing. But, he did attach an order, dated February 22, 2023, purportedly denying a motion for appointment of counsel. The

order, however, does not contain a stamp from the clerk's office indicating that it was filed, and it was neither certified nor sworn. Further, it is unclear that the order even concerns a request for appointment of counsel for purposes of filing a motion for DNA testing, as the order references a post-conviction petition for writ of habeas corpus.

Lastly, Mumphrey has the burden to properly request and show his entitlement to mandamus relief. *See Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.") To do so, "he must show that he has no adequate remedy at law to redress his alleged harm" and "that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision." *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

"[C]onsideration of a motion [that is] properly filed and before the court is [a] ministerial" act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding); *see In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding). But, before a mandamus may issue, the relator must show that the trial court had a legal duty to perform a ministerial act, was asked to do so, and failed or refused to act. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). In this case, if, as Mumphrey contends, he filed a motion with the trial court asking for the appointment of counsel for the purpose of seeking post-conviction DNA testing and the trial court denied his motion, the

3

trial court would have "considered" his motion, and the court's ministerial duty would have been fulfilled.[1]

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.)). For these reasons, we conclude that Mumphrey has failed to comply with the Texas Rules of Appellate Procedure and has not met his burden to provide a record sufficient to show himself entitled to mandamus relief.

---

[1]Regardless, Mumphrey argues that the trial court erred when it denied his motion for the appointment of counsel, and he asks this Court to order the trial court to grant his motion. The mere filing of a motion does not impose a ministerial duty on the trial court to appoint counsel. *See Ex parte Gutierrez*, 337 S.W.3d 883, 889 (Tex. Crim. App. 2011) ("An indigent convicted person intending to file a motion for post-conviction DNA testing now has a *limited* right to appointed counsel." (emphasis added)). While consideration of a motion for appointment of counsel for DNA testing may be a ministerial act, a trial court's denial of the motion is discretionary. "[T]he convicting court is required to appoint counsel only if it determines that the convicted person is indigent and finds reasonable grounds for a motion [for DNA testing] to be filed." *In re Ludwig*, 162 S.W.3d 454, 454–55 (Tex. App.—Waco 2005, orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 64.01(c)). In other words, "even if the convicting court determines that a convicted person is indigent, the court would not be required to appoint counsel if it found there were no reasonable grounds for the motion to be filed—a finding we would review for an abuse of discretion." *Id*. at 455 (citing *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003)). Accordingly, the "appointment of counsel is no longer a purely ministerial act." *Id*. Consequently, we cannot compel the appointment of counsel for Mumphrey with respect to his motion for DNA testing.

Accordingly, we deny Mumphrey's petition for a writ of mandamus.

Scott E. Stevens
Chief Justice

Date Submitted:     April 28, 2023
Date Decided:       May 1, 2023

Do Not Publish

5